30

In the United States of Appeals
For the Fourth Circuit

FILED

JAN 2 9 2009

US Court of Appeals
4th Circuit

United States
          v
La'Von Parker-Dobie

No. 04-0235

Appeal No. 07-4115

-------------------------------------------------------------------

## Motion to Rescind "Denial of Motion Paper 1176 and Motion to Rescind Fast/Speedy Trial Waiver"

Comes now Appellant herein, La'Von Parker-Dobie, pro-se on her own behalf Appeal the Court Judgement of Denial. "Motion for Reduction of Sentence relating The Criminal History 702" and to Rescind the Speedy Trial Waiver, signed in September 2006, while she was under a vast amount of duress.

The Court denied the Motion for Reduction of Sentence (Paper No. 1176) on April 8, 2008, stating: Honorable Judge Titus lacked jurisdiction over the subject matter.  The Judge concurred with government, I (the defendant would not be eligible for a crack cocaine deduction) the sentencing commission stated its criteria for reduction and pending appeals did not disqualify one from receiving a deduction.  It clearly stated it was <u>solely</u> the sentencing judge discretion and if the Appeals Court rules the District Court indeeds have jurisdiction over the subject matter, I the defendant choose to include Motion 706 as well.

Appellant humbly motions the Appeals Court to Order or Grant the District Court "Honorable Judge Roger W. Titus" authority to correct the 2 point error relating to my (the defendant) being on any type of supervision while committing this allege crime, in which I have been convicted unjustly and all other errors you deem appropriate in this matter.

In spite of the informal nature of this document and the fact its being filed/appealed pro se, please consider it legal and process as such.

Respectfully Submitted

La'Von D. Parker-Dobie
#38360-037
SFF-Hazelton
P.O. Box 3000
Bruceton Mills, WV  26525

February 29, 2008

Your Honorable Judge Titus,

My name is **La'Von Dobie #383600-037** I'm writing in reference to case #04-0235. Your Honor, I have written you numerous amount of letters, filed various motions prose and etc. I have forwarded documents to confirm my innocence the inconsistency of the governments' theory etc. Despite the pertinent evidence I forwarded questing justice to no avail, the government has stated you have no jurisdiction over the matter due to my pending appeal.

Honorable Judge Titus, despite any objections the government will attempt to argue. You in deed have the authority to rule on this motion, reduce my sentence due to your discretion pursuant to Amendment 709 and Crack Cocaine Guideline Amendment. Your honor, any relief and ruling you render relation to this motion has no bearings **whatsoever on my pending appeal.** Any motions the government file for this motion to be **"Dismiss for lack of jurisdiction"**, moot or otherwise should be **"Denied".**

Honorable Judge Titus

No word can adequately convey the magnitude of my remorse for the negative lifestyle I embraced, that caused me to make many poor choices that I whole heartedly regret today. **Since my arrest on June 01, 2004, I've changed drastically and my arrest saved my life!** I'm no longer bitter at the world, I accept full responsibility for my life being as it is today, not being able to attend the funeral of my loves ones hurt dearly my grandfather on October 19, 2004, my grandmother September 12, 2007 and my only brother on November 08, 2007. Only God knows the regret I live with the magnitude of it due to my addiction and poor choices. I have demonstrated my ability to adhere to rules regulations, conduct myself as a model prisoner complies with the recommendations of my treatment plan. Actually, I exceeded the requirements in all categories (job performance, programs and etc.) See attachments.

Your Honor, I was sentenced at offense level 28 I humbly ask that you: grant me the 2 level deduction and any other relief you are able to render according to the amendment. The jurors convicted me of (5) five grams of crack. The amendment allows you to re-sentence me to the minimum or any relief you deem appropriate. Pursuant to the amendment the Judge, has the discretion to reduce an individual's sentence based on their set of circumstances such as: do they pose a threat to society, institutional progress, accomplishments and etc. Judge Titus, despite the falsification story you were told about me being disruptive. The **"second"** pre-sentence report requested by the government, stated: Although it was unusual, I had become a **"trustee worker"** while detained at the Prince Georges Co. Detention Center, that was truly an accomplishment. **I continue to excel in a positive manner participate in programs that are conducive to the positive lifestyle change I have made and I'm determined to make permanent!** I was sentenced to 146 months at level 28 category V, I humbly ask that consider my motion for the Amendment 709 before rendering your decision. Your Honor, they aren't related

however they relate somewhat. **Pleas allow me to expound to the best of my ability respectfully.**

Honorable Judge Titus: **"Please refer to the U.S. Probation Pretrial Service Memorandum: dated May 18, 2005"** Please go to page 5 #26 (cases# CR94-1758, CR94-1759, CR94-1958 and CR96-2034) All these cases stem from the same arrest on the same day. Pursuant to the Amendment 709: none of the case listed in #26 meet the criteria for a crime of violence if you would be kind enough to read from #26-32. Your Honor, I believe you will agree the crimes listed in #26 are theft related, stolen property and credit cards which are all listed in the: Reasons for Amendments. See 710 Amendment: Section 1B1,10 © is amended by striking "and" and by inserting", and 702" before the period.

Reason for Amendment: Amendment 702 corrects typographical errors in subsection (6) 13 © OF 2b1.1 (Larceny, embezzlement, and other forms of theft, Offenses involving Stolen Property; Property Damage or Destruction, Fraud and Deceit, Forgery; Offenses Involving Altered or Counterfeit Instrument other than Counterfeit Bearer Obligation of the United States) and subsection (6) (1) of 2L1.1 (smuggling, transporting, or harboring an Unlawful Alien). As stated in the reason for amendment accompanying Amendment 702, this Amendment adds 702 to 1B1.10 (Reduction in Term of Imprisonment as a result of Amend Guideline Rang) as an amendment that the court may consider for **retroactive application.**

Humbly Judge Titus, I ask that you make the corrections due pursuant to 709 and 702 the charge or cases listed (on page 5 #26). Were not separated by an **intervening** arrest should have been calculated as (1) one sentence treated as a single sentence. Respectively, Your Honor, please focuses on #31 and #32 even if the government wants to argue the Failure to Appear, due to the amendment the any argument presented would be frivolous. Humbly I ask you to view #32 focusing on line #4 at this time it clearly states **"evidence"** suggest that the sentences were reconsidered. on September 19, 1997 the defendant was sentenced to 1 year incarceration, suspended, on all charges followed by 3 years probation. Your Honor, I humbly ask that you refer to what I call the second pre-sentence report now to follow me and see where my arguments co-incident. I was falsely accused of being on Probation, when this present offence was committed from #26-33 on the first PSI supports that accusation. If you would be kind enough Your Honorable Judge Titus, count the years with me. Even if we go back to #26 the very last paragraph: Oblige me Please Your Honor " **I'm literally fighting for my life**". The defendant was released from incarceration on November 30, 1998. On September 14, 2001, a violation of probation petition was filed and at a hearing on December 07, 2001, the defendant was placed on unsupervised probation for **"two years."** Now go back to #32: On September 19,1997 the defendant was sentenced to 1 year incarceration, suspended, **on all charges**, followed by 3 years probation. Surely Your Honor you would agree there is **"No way mathematically possibly"** for me to have been on Probation for Arlington, Co. VA. For these reasons lats I ask that totally deduct the points reflected for being on Probation or Parole at the time the allege offense was made; it is reflected on The PSI that "I refer to as The Second PSI the one used at my sentencing. I also ask that

you correct the total of points for #26. I now humbly ask that you refer back to the original PSI report on May 18, 2005 (PSI -1). Please scrutinize #34,35,36/37. Once again Your Honor, these cases stem from the exact arrest maybe the date changed due to failure to appear however **look at the sentence they are exactly the same.** None the less Your Honor, respectfully I ask that they too be deducted Pursuant to Amendment 702 due to the nature of these offenses.

Honorable Judge Titus, I humbly ask that you go to #38 on (PSI I (prepared on May 18, 2005. Also view criminal history computation on PSI II used at sentencing – notice the two scores don not co-incident. Initially the Pre-sentence scored me IV note Mr. Turner R. Mebane Jr. prepared both reports, the charge in Henrico, VA for theft was pending prior to my arrest (not probation / no conviction). The arrest in Fredericksburg, VA (was dismissed nolle posed).

Your Honor, I respectfully include these facts, to stress the imperativeness of not being giving additional points charges. I have made a complete mess of my own life my criminal history clearly reflects my poor choices. Mr. Mebane, has made numerous of mistakes in this report and we all know: **"There is no human endeavor ever perfect"** Honorable Judge Titus, the evidence of the error is before, its factual. Your Honor, I ask that based on the evidence law to support my claims findings and what you have deemed pertinent evidence to grant the Crack Cocaine Retroactive Motion and Criminal History Amendment.

I humbly ask that you do so by the power entrusted in you to give justice to all! I ask that you grant my Criminal History Amendment  Pursuant to 702 to 1B1.10 (reduction in term of Imprisonment as a result of Amended Guideline Range) as an amendment that the court may consider for retroactive application. I humbly ask that you correct the initial report, which reflects closely to the crimes. **I did commit in the past regret doing so today.** Your Honor, #27,34-37 the allege violation errors once corrected should put me in a Criminal History Category III and base level 2 deduction if you do not deem it appropriate to decrease me further contingent on the Brooker Kinbrough Case. I humbly ask that you reduce my base level offense form 28 to 26. Also re-sentence me at the very low end of the guideline. I humbly respectfully submit that motion to you Honorable Judge Titus. Allow me to re-iterate: I know I can be an asset to society utilize my education potential in a legal manner if given the opportunity. I apologize to you Judge Titus and the courts for my past actions due to emotional state rage. I pray that the government won't oppose my motions and allow me to receive the reductions I respectfully humbly questing in this motion.

Despite the informal nature this should be considered a legal document motion for the Crack Cocaine Retroactive Amendment and The Criminal History Reduction.

Any or all objections made by the government should be dismissed or denied due to quoted enclosed facts and evidence reported in pre-sentence prepared by Probation Office Turner R. Mebane Jr. (U.S. Probation Office) at the request of the court as stated on page 1 of Criminal History Report dated May 18, 2005. As well as the promulgated

Amendments and the filing or granting of these motions have no bearing any pending appeals the Honorable Judge Roger W. Titus, in deed has the authority to grant both motions pursuant to law and his judicial authority jurisdiction for the above said reason I humbly again ask that you grant these motions.

Respectfully Submitted,

**La'Von D. Dobie #38360-037**
Case# 04-0235
P.O. Box 3000 (SFF) J2 103 L
Bruceton Mills, WV 26525
filed:  pro se

Please send defendant (La'Von Dobie #38360-037) a copy of any or all ruling, motions and etc. by the court or government. This document was filed and prepared pro se.

**110.**  **10/12/94**  **Case # 1:** Conspiracy (Dkt. # CR94-1758), **Case # 2:**  4A1.1(a)
**(Age 34)**  Credit Card Theft (Dkt. # CR94-1759), **Case # 3:**  **3**
Grand Larceny (Dkt. # CR94-1958); Case # 4:
Failure to Appear (Dkt. # CR96-2034); Circuit Court
On 9/4/97, the
defendant was sentenced in these cases.  In Case # 1,
the defendant was sentenced to 1 year incarceration (to
run concurrent to CR94-1958), 3 years probation; In
Case # 2, the defendant was sentenced to 2 years
incarceration (to run concurrent to CR94-1958), 3 years
probation; In Case # 3, the defendant was sentenced to
10 years incarceration with 5 years suspended
(consecutive to all other sentences), 3 years probation;
In Case # 4, the defendant was sentenced to 1 year
incarceration (to run concurrent to CR94-1958), 3 years
probation; The defendant was represented by legal
counsel; The defendant was released from incarceration
on 11/30/98; On 9/14/01, a violation of probation
petition was filed and at a hearing on 12/7/01, the
defendant was placed on unsupervised probation for
two years.

111.  The following information was taken from the presentence report prepared by the
Commonwealth of Virginia Department of Probation and Parole on June 10, 1997.

112.   "On October 11, 1994, a victim advised Metropolitan Transit Police that while he was trying to board a metro train in Arlington, Virginia, two black females stopped in front of him, blocking his entry to the train. As the victim attempted to walk around the females, he felt his wallet being lifted from his left front pocket. The two females exited the train as the doors were closing. The wallet contained the victim's operator's license and several credit cards.

113.   On October 12, 1994, while another victim was at the baggage area of Washington National Airport in Arlington, Virginia, Larry Booker attempted to steal her handbag and baggage. Mr. Booker was apprehended as he was attempting to enter a parked vehicle belonging to the defendant. Mr. Booker was positively identified by the victim as the man who attempted to steal her handbag and baggage. The defendant and Valencia Johnson were stopped as they exited the main terminal and were positively identified by the victim as two females who assisted Mr. Booker by causing a distraction. During questioning by police officers, Mr. Booker admitted that he had made several attempts to pickpocket the victim's handbag and that Ms. Johnson assisted by causing a distraction and Ms. Dobie assisted by transporting them to "boost a bag." During a search of Mr. Booker, police officers discovered a credit card belonging to the first victim.

114.   The defendant was arrested and originally charged with one count of Grand Larceny. A search of the defendant's vehicle revealed a desktop computer, which had been purchased from a Staples store using a stolen credit card issued to another individual. A Staples sales associate positively identified the defendant as the individual who signed the sales receipt to purchase the computer. Ms. Johnson was identified as accompanying the defendant to purchase the computer.

115.   On December 14, 1994, the defendant failed to appear in Arlington County Circuit Court for jury trial. On August 6, 1996, the defendant was arrested in Arlington County, Virginia, for Failure to Appear."

116.   The United States Probation Office for the Eastern District of Virginia is still trying to determine the actual date of the defendant's sentence in this case. Some documents indicate a disposition date of July 18, 1997; however, the sentencing orders were not executed until September 4, 1997. Also, there is evidence to suggest that the sentences were reconsidered on September 19, 1997, and the defendant was sentenced to 1 year incarceration, suspended, on all charges, followed by 3 years probation. When reviewing the Arlington County Circuit Court files, there was no evidence of this re-sentencing.

117.   Ms. Dobie was discharged from parole on May 30, 1999.

| CASE NUMBERS | DATE OF ARREST | CHARGES |
|---|---|---|
| # CRE0001110 | 7/26/96 | CREDIT CD. ID |
| # CRE00011068 | 7/26/96 | CRED.CD.PRESENTATION |
| # M 1260486 | 10/6/86 | ASSAULT |
| # 0001835GD2 | 12/22/89 | TRESPASS |
| # 18806411 | 11/13/89 | POSS. OF HANDGUN |
| # 18806408 | 11/13/89 | BURGLURY |
| # 18806414 | 11/13/89 | ASSAULTS |
| # 02-K-89-003406 | 4/27/90 | THEFT |
| # 65415 | 7/13/92 | ROBBERIES |
| # S0187889 | 8/17/89 | FUGITIVE AT JUSTICE |
| # 0064663GA4 | 9/22/89 | KIDNAPPING |
| # 02-K-89-003496 | 4/27/90 | CONSPIRACY |
| # S0026490 | 2/3/90 | FUGITIVE OF JUSTICE |
| # CROE00010437 | 7/26/98 | FORGERY |
| # CRE00155929 | 12/21/00 | OPEN CONTAINER |

New offenses at 8 U.S.C. §§ 1375a(d)(3)(C) and 1375a(d)(5)(B) involve invasions of protected privacy interests and, as such, are referenced to §2H3.1.

The Commission concluded that referencing these new offenses to §2H3.1 was appropriate because each of the new offenses is similar to the types of privacy offenses referenced to this guideline.

**Effective Date: The effective date of this amendment is November 1, 2007.**

709. **Amendment:** Section 4A1.1(f) is amended by striking "was considered related to another sentence resulting from a conviction of a crime of violence" and inserting "was counted as a single sentence"; and by striking the last sentence as follows:

> "Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.".

The Commentary to §4A1.1 captioned "Application Notes" is amended in Note 6 by striking the first paragraph as follows:

> "§4A1.1(f). Where the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as related cases but did not arise from the same occasion (i.e., offenses committed on different occasions that were part of a single common scheme or plan or were consolidated for trial or sentencing; see Application Note 3 of the Commentary to §4A1.2), one point is added under §4A1.1(f) for each such sentence that did not result in any additional points under §4A1.1(a), (b), or (c). A total of up to 3 points may be added under §4A1.1(f). "Crime of violence" is defined in §4B1.2(a); see §4A1.2(p).",

and inserting the following:

> "§4A1.1(f). In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are counted as a single sentence (see §4A1.2(a)(2)), one point is added under §4A1.1(f) for each such sentence that did not result in any additional points under §4A1.1(a), (b), or (c). A total of up to 3 points may be added under §4A1.1(f). For purposes of this guideline, 'crime of violence' has the meaning given that term in §4B1.2(a). See §4A1.2(p).";

and in the second paragraph by striking "that were consolidated for sentencing and therefore are treated as related." and inserting ". The sentences for these offenses were imposed on the same day and are counted as a single prior sentence. See §4A1.2(a)(2).".

Section 4A1.2(a) is amended in the heading by striking "Defined"; and by striking subdivision (2) as follows:

> "(2)   Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.",

and inserting the following:

"(2)    If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).

For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.".

Section 4A1.2(c)(1) is amended by striking "at least one" and inserting "more than one"; by striking "Fish and game violations"; and by striking "Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)".

Section 4A1.2(c)(2) is amended by inserting "Fish and game violations" as a new line before the line referenced to "Hitchhiking"; and by inserting "Local ordinance violations (except those violations that are also violations under state criminal law)" as a new line before the line referenced to "Loitering".

The Commentary to §4A1.2 captioned "Application Notes" is amended by striking Note 3 as follows:

"3.    Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were treated as related because the cases were consolidated for sentencing, the assignment of a single set of points may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which he has committed crimes. In such circumstances, an upward departure may be warranted. Note that the above example refers to serious non-violent offenses. Where prior related sentences result from convictions of crimes of violence, §4A1.1(f) will apply.",

**Amendment 709**

SUPPLEMENT TO APPENDIX C

November 1, 2007

The Commentary to §2L1.2 captioned "Application Notes" is amended in Note 4(B) by striking "considered 'related cases', as that term is defined in Application Note 3" and inserting "counted as a single sentence pursuant to subsection (a)(2)".

**Reason for Amendment:** This amendment addresses two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. In November 2006 the Commission hosted round-table discussions to receive input on criminal history issues from federal judges, prosecutors, defense attorneys, probation officers, and members of academia. In addition, the Commission gathered information through its training programs, the public comment process, and comments received during a public hearing of the Commission in March 2007. This amendment addresses two issues that were raised during this process.

First, the amendment addresses the counting of multiple prior sentences. The Commission has heard from a number of practitioners throughout the criminal justice system that the "related cases" rules at subsection (a)(2) of §4A1.2 (Definitions and Instructions for Computing Criminal History) and Application Note 3 of §4A1.2 are too complex and lead to confusion. Moreover, a significant amount of litigation has arisen concerning application of the rules, and circuit conflicts have developed over the meaning of terms in the commentary that define when prior sentences may be considered "related." For example, the commentary provides that prior sentences for offenses not separated by an intervening arrest are to be considered related if the sentences resulted from offenses that were consolidated for sentencing. In determining whether offenses were consolidated for sentencing, some courts have required that the record reflect a formal order of consolidation, while others have not. Compare, e.g., United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997) (order required) with United States v. Huskey, 137 F.3d 283, 288 (5th Cir. 1998) (order not required).

The amendment simplifies the rules for counting multiple prior sentences and promotes consistency in the application of the guideline. The amendment eliminates use of the term "related cases" at §4A1.2(a)(2) and instead uses the terms "single" and "separate" sentences. This change in terminology was made because some have misunderstood the term "related cases" to suggest a relationship between the prior sentences and the instant offense. Prior sentences for conduct that is part of the instant offense are separately addressed at §4A1.2(a)(1) and Application Note 1 of that guideline.

Under the amendment, the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required.

If the prior sentences were for offenses that were not separated by an intervening arrest, the sentences are to be counted as separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day. In either of these situations they are treated as a single sentence.

The amendment further provides that in the case of a single sentence that comprises multiple concurrent sentences of varying lengths, the longest sentence is to be used for purposes of

**Amendment 709**

SUPPLEMENT TO APPENDIX C

November 1, 2007

The results of these analyses led the Commission to make three modifications to §4A1.2(c)(1) and (2). First, the amendment moves from §4A1.2(c)(1) to §4A1.2(c)(2) two classes of offenses: fish and game violations and local ordinance violations (except those violations that are also violations under state criminal law). Second, the amendment changes the probation criterion at §4A1.2(c)(1) from a term of "at least" one year to a term of "more than" one year. Finally, the amendment resolves a circuit conflict over the manner in which a non-listed offense is determined to be "similar to" an offense listed at §4A1.2(c)(1) and (2).

Fish and game violations were moved from §4A1.2(c)(1) to §4A1.2(c)(2) so that they will not be counted in a defendant's criminal history score. Fish and game violations generally do not involve criminal conduct that is more serious than the offense of conviction, and the relatively minor sentences received by fish and game offenders in the fiscal year 2006 study suggest that these offenses are not considered to be among the more serious offenses listed at §4A1.2(c)(1).

In addition, local ordinance violations (except those that are also violations of state law) were moved from §4A1.2(c)(1) to §4A1.2(c)(2) so that they also will not be counted in a defendant's criminal history score. Similar to fish and game violations, local ordinance violations generally do not represent conduct criminalized under state law. Moreover, these offenses also frequently received minor sentences. The exception in this amendment for violations that are also criminal violations under state law will ensure that only the more serious prior criminal conduct will continue to be included in the criminal history score.

Section 4A1.2(c)(1)(A) is amended to provide that the offenses listed at §4A1.2(c)(1) will be counted "only if (A) the sentence was a term of probation of <u>more than</u> one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense" (emphasis added). The Commission received comment that some sentences of a one-year term of probation constitute a default punishment summarily imposed by the state sentencing authority, particularly in those instances in which the probation imposed lacked a supervision component or was imposed in lieu of a fine or to enable the payment of a fine. <u>The Commission determined that prior misdemeanor and petty offenses that receive such a relatively minor default sentence should not be counted for criminal history purposes.</u>

The amendment resolves a circuit conflict over the manner in which a court should determine whether a non-listed offense is "similar to" an offense listed at §4A1.2(c)(1) or (2). Some courts have adopted a "common sense approach," first articulated by the Fifth Circuit in <u>United States v. Hardeman</u>, 933 F.2d 278, 281 (5th Cir. 1991). This common sense approach includes consideration of all relevant factors of similarity such as "punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct." <u>Id</u>. <u>See</u> also <u>United States v. Martinez-Santos</u>, 184 F.3d 196, 205-06 (2d Cir. 1999) (adopting <u>Hardeman</u> approach); <u>United States v. Booker</u>, 71 F.3d 685, 689 (7th Cir. 1995) (same). Other courts have adopted a strict "elements" test, which involves solely a comparison between the elements of the two offenses to determine whether or not the offenses are similar. <u>See United States v. Elmore</u>, 108 F.3d 23, 27 (3d Cir. 1997); <u>United States v. Tigney</u>, 367 F.3d 200, 201-02 (4th Cir. 2004); <u>United States v. Borer</u>, 412 F.3d 987, 992 (8th Cir. 2005). This amendment, at

– 240 –

Application Note 12(A), adopts the Hardeman "common sense approach" as a means of ensuring that courts are guided by a number of relevant factors that may help them determine whether a non-listed offense is similar to a listed one.

**Effective Date: The effective date of this amendment is November 1, 2007.**

710. **Amendment:** Section 1B1.10(c) is amended by striking "and" and by inserting ", and 702" before the period.

**Reason for Amendment:** Amendment 702 corrects typographical errors in subsection (b)(13)(C) of §2B1.1 (Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States) and subsection (b)(1) of §2L1.1 (Smuggling, Transporting, or Harboring an Unlawful Alien). As stated in the reason for amendment accompanying Amendment 702, this amendment adds Amendment 702 to §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range) as an amendment that the court may consider for retroactive application.

**Effective Date: The effective date of this amendment is November 1, 2007.**

711. **Amendment:** The Commentary to §2A3.4 captioned "Statutory Provisions" is amended by striking "Provisions" and inserting "Provision".

Section 2A3.5(b)(1)(A), as added by Amendment 701, is amended by inserting a comma after "minor".

Chapter Two, Part D is amended in the heading by inserting "AND NARCO-TERRORISM" after "DRUGS".

The Commentary to §2D1.1 captioned "Application Notes", as amended by Amendment 706, is further amended by striking subdivision (D) as follows:

"(D)    Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances.—

(i)    In General.—If the offense involves cocaine base ('crack') and one or more other controlled substance, determine the base offense level as follows:

(I)    Determine the combined base offense level for the other controlled substance or controlled substances as provided in subdivision (B) of this note.

(II)    Use the combined base offense level determined under subdivision (B) of this note to obtain the appropriate marihuana equivalency for the cocaine base involved in the offense using the following table:

**–241–**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. RWT 04-0235 |
| LAVON DOBIE, a/k/a Becky Parker, a/k/a Theresa Waller, a/k/a Dobie Parker, | * |
| | * |

* * * * * *

### O R D E R

The Defendant, Lavon Dobie, has filed a pro se motion seeking a sentence reduction under 18 U.S.C. §3582(c)(2) based on Amendment No. 706 to the United States Sentencing Guidelines related to cocaine base ("crack") offenses (Paper No. 1176), and the Government has moved to dismiss her motion (Paper No. 1178). After reviewing the information provided by the United States Probation Office, and the Government's motion, this Court agrees that this Court lacks jurisdiction because of the Defendant's pending appeal and that, in any event, the Defendant is ineligible for a sentence reduction under Amendment No. 706.

Accordingly, it is this _8th_ day of April, 2008, hereby Ordered by the United States District Court for the District of Maryland that:

1. The Motion for Reduction of Sentence (Paper No. 1176) IS DENIED;

2. The Government's Motion to Dismiss (Paper No. 1178) IS GRANTED;

3. This Order shall become final in 30 days if no objection is filed by the Defendant within that time; and

4. The Clerk SHALL SEND a copy of this Order to counsel, the United States Probation Office, and the Defendant.

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

La'Von Dobie

v

United States of America

Criminal No. RWT 04-0235

\* \* \* \* \*

[text obscured/blacked out] The Defendant, La'Von Dobie, objects to ruling/order denying her "Pro Se Motion for Reduction of Sentence (Paper No. 1176) relating to 3582 (c)(2) Crack Cocaine Amendment 706/Criminal History Reduction 702/70 710/711

2. The defendant indeed feels her motions have merit/that the "Sentence Commission granted the sentencing Judge discretion to reduce cocaine base (crack) related offenses./Amendment 706 made "no stipulation whatsoever Relating to pending Appeals for this reasons/others defendants objects.

3. Defendant became aware of the "Obstruction of Justice" two (2) point level increase/injustice via of the goverments: Motion to Dismiss due to Lack of Jurisdiction/Subject Matter (Response to defendants motion for A Sentence Reduction.* Please Consider All Previously Submitted documents As Well (Supplemental/etc.)

Injustice Cannot be denied" The government clearly admitted their "mistake of Law which caused this defendant to receive two (2) Additional points unjustly. A judge or juror can only convict or sentence one in A court or law for that Reason I object As well. The Honorable Judge Titus, indeed should have the authority to correct the self Admitted injustice of the goverment which the Pre Sentence reports and base level offense confirms !

In spite of the informal nature of this document. Please consider it As A tion of ojecting the denial of paper no. 1176.

Von Dobie #38360-037
F - Hazelton - J2 103 L
S. Box 3000
ceton Mills, WV 26525

Respectfully Submitted
La Von Dobie
#38360-037
April 19, 2008

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

PARESH S. PATEL
STAFF ATTORNEY

April 16, 2008

Lavon Dobie, #38360-037
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV  26525

Re:    *United States v. Lavon Dobie*
       Case No. RWT 04-0235

Dear Ms. Dobie:

Enclosed please find an Order denying your pro se motion seeking a reduction in your sentence.

If you have any questions, please give me a call.

Sincerely,

*Paresh S. Patel*

Paresh S. Patel
Staff Attorney

PSP/dmc
Enclosure

*[handwritten notes:]*

‡ WHOEVER this IS I wrote them And they never responded

‡ I WAS denied representation; because the courts states: they didn't get my objection, and letter I sent this Attorney. A copy of it, and letter asking to be represented. ( The courts can and verify I definitely wrote this individual (who will Not respond to my request to share the truth

La'Von Dobie #38360-037
SFF-HAZELTON  J2-103L
P.O. Box 3000
Bruceton Mills, WV 26525

May 8th, 2

RE: CASE # RWT 04-035

DEAR Madman or Sir

I'm writing questing legal representation from Your office. I'm in receipt of your letter dated 4-16-08, the copy, denying my pro se ption for reduction. I immediately filed my motion objecting to the order denying my motion. Please inform me of the process/procedure now that I have objected and please appoint me an attorney. If youre unable to appoint me the representation personally, please forward my request to the Honorable Judge Titus, without delay.

I desperately need representation relating to this matter as well which is: I waived my right (indefinitely) to a speedy trial due to my being ①under duress ② coerced by my attorney/the lead attorney on the case ③ Due to both of the attorneys verbally scaring my mother/convincing her I would receive 25 to 30 years for the conspiracy case / if I didn't agree the judge, would be upset and definitely give me the maximum sentence.

I have filed a motion requesting to "stand trial" on the insurance fraud case which stems from the same arrest/indictment. The prosecution states Judge Titus, has no jurisdiction over the matter. Due to my understanding the appeals court only correct errors made in the lower courts or affirm the rulings made in the lower courts.

_2_

① I never was tried for the insurance fraud, so ask. Wouldn't The Honorable Judge Titus, be able to rule on ? Matter or have jurisdiction over the matter ?

② I Desire to Rescind my waiver, which I clear stated my reluctance in open Court. Only due to my being under Duress / Mother did I committ such a foolish Act.

③ I waive my right to a speedy trial / Agreed that only if an favorable outcome from the appeal was obtained, Against the law to Waive your rights to a speedy trial indefinitely and due to the agreement "based on the verdict of the Appeal" its indefinite !!

④ I wish to Stand trial Immediately for the insurance trial / Rescind my waiver.

⑤ I filed the Motion to Honorable Judge Titus, I would like for the Motion to be filed to the Appeals Court, if Judge Titus, doesn't have the Authority to rule on the Matter.

⑥ Also I would like a Motion to correct the errors in Criminal history be filed to the Appeals Court / Relating to Crack Cocaine Motion.

Once again, I'm requesting legal Representation Relating to All these Matters. Please Acknowledge receipt of this letter questing Your Services !

Respectfully,
Von Dolmé # 38360-037

September 2, 2008

United States District Court
of
Maryland

United States of America

Vs.                                    Docket No. 04-0235

La'Von D. Parker-Dobie

Motion For: (1) Legal (Appointment) Representation
(2) Right to Rescind Waiver (to stop Speedy trail Right)
(3) Errors to be Corrected that were made in my
the calculation of my criminal history.
(4). I Would like to stand trial immediately
on the insurance charges.
(5) The Base Level (2) Reduction "Crack Cocaine" Motion be held
in "Abeyance" and not denied due to lack of jurisdiction.

Your Honor,
                    the insurance charges were apart of the orginal indictment
As you are aware. You in deed have possess jurisdiction over the matter due to
the fact you have not held Any court proceedings whatsoever on the
Subject matter, so there for the Appeals court cannot possibly have Any
Judicial Authority over this matter. Due to my Numerous of Attempts to
No Avail, to be Heard on these pertinent issues of merit; I humbly /
Respectfully Request the Appointment of legal counsel to Represent
Me On these matters / to Appeal the District Courts "denials" of
my Right to Stand trial "immediately on the insurance charges
And withdrawl my waiver/Agreement that was submitted under
duress/Reluctantly" which I clearly expressed in open court
to you. I would prefer going to trial. I...

due to My being under duress, And Mr. Montemarano / Mr. Ward, scaring
Mother. I Agreed to the Prosecutors terms Reluctantly!

Your Honor,

   The Appeals court have Appointed Me An Attorney out
of North Carolina, who is <u>unable</u> to practice in the state of
Maryland, therefore; <u>I'm in Dire need of legal Representatio</u>
In the state of Maryland to Address these pertinent Matters.

   Judge Titus,

      I'm Asking You for Justice / A Second chance at
life! These issues have merit And I'm Asking humbly /
Respectfully to be Appointed A lawyer to best help Myself. "There
is no law that says I must wait until the outcome of
My Appeal to Address these issues or Remain in An Agreemen
"IF the Outcome of My Appeal IS Favorable the Prosecutor will pursu
the insurance case if the Outcome of the Appeal is Unfavorable the
Prosecutor will not pursue the insurance case" I Choose not
to Play, the "IF" Game and let the laws of Justice prevail/serve.
* See Enclosed motions, speedy trial laws/etc.
* Previously Filed

Note: Any Motions Enclosed Please Consider them As being
Being Filed As Motion Despite the Fact they That
May Have been Filed Previously or Denied.

Your Honorable Judge Titus

I'm humbly submitting: the "Amendment 709 - 711, Along with the Motion I submitted on 2-29-08 however I'm Asking humbly And Respectfully that the Court Focused On the Errors made in crim history/Charges not the Crack Cocaine deduction in which I'm Seeking, but the justice I'm Entitled. Your honor, I'm in need of Your succor in order to Receive the justice I'm Entitled to received constitutionally. Surely the enclosed documents supports and gives merit to my need of legal Representation in the of Maryland in The District Court of Maryland in Greenbelt for Matters, being scheduled before the Honorable Judge R. W. Titus,.

Respectfully

La'Von Dobie #38360-037
SFF - HAZ  Jt. 103L
P.O. Box 3000
Bruceton Mills, WV
26525

9/3/08

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) *Mailroom (Supervisor) r Ms. Murphy* | DATE: *9-15-08* |
|---|---|
| FROM: *La'Von Dobie* | REGISTER NO.: *58360-037* |
| WORK ASSIGNMENT: *Safety* | UNIT: *J2 1032* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

*Can you please put a tracer on this*
*☐ tracking # 7006 2760 0004 6994 0314 (I sent a*
*certified letter to Judge Roger W. Titus*
*or 7007 0710 0000 0663 2573   6500 Cherrywood Lane Ste 400*
*Greenbelt, MD 20770*
*☆ In April the (the 20th or 21st of 2008, it imperative, I*
*receive/obtain some type of verification. I indeed sent this letter*
*from this facility when stated/certified. If your unable to assist me*
*please forward me the local postal office this facility uses, I never got my*
*receipt (green card or paper receipt (Do not write below this line) from the mailroom here.) I'm in due need of your concern*
*in this matter.*
*Your empathy is appreciated*
*Ms. Dobie*

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

# SECTION 6



9-20-08

United States Post Office
(Supervisor) Bruceton Mills, WV

My Name is La'Von D. Dobie #38360-037, I'm present.
incarcerated at the Federal Bureau of Prisons, Secure Female
Facility located at P.O. Box 3000 (J2-103L) Bruceton M
WV, 26525

I'm writing because I'm need of your succor to
locate verification that I sent a letter certified
mail and possibly receipt mail "but definitely certified
mail if not receipt mail the week of April 19th
2008 to United States District Courthouse of Maryland Co
c/o Honorable Judge Roger W. Titus
6500 Cherrywood Lane    Ste (7)
Greenbelt, MD 20770

I did not receive any type of receipt from this facilit
for Just become aware of the fact, the court is stating they
didn't receive my motion in which I indeed sent certified
via U.S. Mail from this location. Your Assistance in this
matter is urgent and your empathy is greatly
appreciated.

Please acknowledge receipt of this missive, my motion
was denied due to the Judge, Not receiving this certified
letter. Once again I definitely mailed it from this location
on 4-19-08 or 4-20-08 to the above address. Please
Send me some type of verification after confirming I actually
sent the document.

Respectfully/Appreciatly
La Von Dobie 38360-037
La'Von Dobie # 38360-037
SFF-HAL (J2-103L)
P.O. Box 3000
Bruceton Mills, WV 26525

# District Court of Maryland

United States of America

v.

CASE # RWT-04-0235

La'Von D. Dobie
defendant-appellant

~~Appeal Case # 07-4115~~ INSURANCE FRAUD

## Motion For Fast/Speedy Trial

Comes now the defendant La'Von Dobie, ~~pro~~ se and move this Honorable Court, pursuant to Maryland Rule of Procedure 4-271, for a fast/speedy trial, in the above-captioned matter/ Pursuant to the Speedy Trial Act (18 U.S.C. 3161 to 3174) for the reasons stated as follows:

① That, pursuant to Article 21 of the Maryland Declaration of Rights and the Sixth Amendment to the United States Constitution, Defendant is entitled to a fast and speedy trial. Defendant request to be brought to trial on Any Insurance charges relating to case 04-0235/Any other charges. Pursuant to State v. Hicks, 285 Md. 310, 403 A.2d 356 (1979), Defendant is entitled to be tried, prior to the elapsing of one-hundred and twenty (120) days or the allotted 79) seventy-nine days in Federal Court. MD. Rule of Procedure 4-271 indicates Defendant is to be tried within 180 days. See Barker v. Wingo, 407 U.S. 514 1972) where the federal high Court determined the triggering mechanism to be 180 days.)

Wherefore, premises considered herein - above defendant respectfully request that this Honorable Court grant defendant a fast/speedy trial the above-captioned matter; And void Any prior agreements/waivers relating to the "Insurance Fraud" portion of this above-captioned matter

for this Honorable Court to render Any and All Relief deemed fair /Appropiate under the circumstances.

Respectfully Submitted

Pro Se

La'Von Dobie #38360-037
P.O. Box 3000 SFF-HAZELTON-J2 103L
Bruceton Mills, WV 26525



*[handwritten annotations: "M.", "Speedy Trial Waiver"]*

## U.S. SUPREME COURT REPORTS    164 L. Ed. 2d

is telling the customer that he will charge the customer a lower price by the amount of the tax, i.e., about $92. The retailer implies that he, the retailer, will pay the tax to the State, taking the tax from the savings, but the savings is, in my view, beside the point as long as the price cut itself is legitimate. I can find nothing in the complaint that suggests it is not.

The defendants here have done no more. They have in effect cut the price of the item by the amount of

the sales tax and then kept the money instead of passing it on to the State. They funded the price cut from the savings, but the source of the requisite amount owed to paid for the item.

For these reasons, I would reverse the decision of the Court of Appeals on both counts.

---

JACOB ZEDNER, Petitioner

v

UNITED STATES

547 U.S. —, 126 S. Ct. —, 164 L. Ed. 2d 749

[No. 05-5992]

Argued April 18, 2006. Decided June 5, 2006.

**Decision:** Federal criminal defendant's purported waiver "for all time" of application of Speedy Trial Act (18 U.S.C.S. §§ 3161 et seq.) held ineffective; Act held violated by 91-day continuance; harmless-error review held not appropriate.

### SUMMARY

The Speedy Trial Act (18 U.S.C.S. §§ 3161 et seq.), in 18 U.S.C.S. § 3161(c)(1), generally required a federal criminal trial to begin within 70 days after a defendant was charged or made an initial appearance. However, 18 U.S.C.S. § 3161(h) allowed certain periods of delay to be excluded from the speedy-trial "clock." In particular, 18 U.S.C.S. § 3161(h)(8) permitted a Federal District Court to grant a continuance and to exclude the resulting delay if the court, after considering certain factors, made on-the-record findings that the "ends of justice" served by granting the continuance outweighed the public's and defendant's interests in a speedy trial. Also, 18 U.S.C.S. § 3162(a)(2) in effect provided that (1) if a trial did not begin on time, then a defendant could move, before the start of trial or the entry of a guilty plea, to dismiss the charges; and (2) if a meritorious and timely motion to dismiss was filed, then a District Court had to dismiss the charges, although the court could choose—taking into account some specified factors—whether to dismiss with or without prejudice.

On April 4, 1996, a federal grand jury indicted a defendant on multiple charges in connection with some allegedly counterfeit bonds. After granting some continuances, the United States District Court for the Eastern Court of New York, during a November 8, 1996, status conference, (1) requested a defense waiver of Speedy Trial Act rights "for all time"; and (2) produced a waiver form, which the defendant and his counsel signed. The court then agreed to schedule a further status conference on January 31, 1997. At the January 31 conference, (1) the defense sought another continuance to gather evidence of the supposed authenticity of the bonds in question; (2) the

The United States District Court
for Maryland
La Von Dobie    Southern Division
Defendant-Appellant
v.                    Criminal Case # RWT 04-0235
The United States of America
Appellee              Court of Appeals # 07-4115

Now Comes, the defendant/appellant La Von D. Dobie, due to
Ineffective Counsel, desires to stand trial for any insurance fraud case
the Government intends to pursue / defendant is now requesting a speedy
trial. On Sept 12, 2006 on / soon there after defendant appeared before the
Honorable Judge Roger W. Titus, to waive her right to a speedy trial for the
insurance fraud allegations / Agreed After being coerced by appointed counsel
Peter Ward / Appointed counsel Michael D. Montemarano, for the co-defendant
Paulette Martin, to waive my right for a speedy trial / agree not to go to
trial unless on the insurance allegations unless a victorius outcome is obtained
via Appellants appeal. Defendant clearly stated her reluctance in open court.
Once in the holding cell and coerced by council Ward / Montemarano, to agree
After they terrified defendants mother (Vivian Lowery Smith) by fabricating the length
of time defendant was to be sentenced to. Against policy / protocol defendants mother
Vivian Lowery-Smith, was Allowed in the client / Attorney interview room along
with counsellor's. Ward / Montemarano, to convince this defendant to agree
The terms desired by the Government (Ms. Deborah Johnston / Bonnie
Greenberg). For the above mentioned reasons / other violations this defendant
Id humbly Ask the Honorable Judge Roger W. Titus, to rescind / or
The waiver for a speedy trial / request that a trial date

be set in the matter. This defendant request a fast/speedy trial in the above mention case as pursant to Speedy Trial Act, 18 U.S.C.s 3161/ U.S. Const. Amend. VI

In spite of the informal nature of this motion, it should be docketed and treated appropiately.

Respectfully

La'Von D. Dobie #3836003:
P.O. Box 3000 SFF-Hazelton J2-10.
Bruceton Mills, WV 26525

Mailed on 10-22-07
Hazelton West Virginina.
La'Von D. Dobie .

From Secure Female Facility at
Filed Pro Se by defendant/Appellant

Your Honorable

Judge Titus

In Spite of the Informal nature of this Motion please consider it a legal document. Due to no One being Able to give a definite date for my Appeal, I believe According to 18 U.S.C.S § 3161 ~~that~~ the Waiver should be Rescinded/I should be Allowed to stand trail without further delay or the charges should be <u>Dismissed</u>.

Respectfully Submitted

La' Von Dobie # 38360-03
SFF - Haz   J2-103L
P.O. Box 3000
Bruceton Mills, WV
26525

Von Doris
1360-037
P-03210
O. Box 3000
Welton Mills, WV
26585

*Confidential*
Legal
Documents

*Confidential*
Legal
Documents *

United States Court of Appeals
Fourth Circuit

501 U.S. Courthouse Annex
Richmond, Virginia
23219-3517

U.S. MARSHALS
INSPECTED

