IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| PAULETTE MARTIN, et al. | No. 07-4059 (L) |
|  | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR TEMPORARY STAY OF APPEAL**

Comes now Appellant herein, Paulette Martin, by and through her counsel, Michael D. Montemarano, Esq., and Michael D. Montemarano, P.A., as appointed counsel pursuant to the CJA, and as lead appellate counsel on behalf of three of the five other Appellants herein, Learley Goodwin, Lanora Ali, and Derrek Bynum, and does move for the extension of the time for the briefing of this matter, and in support thereof does state:

The named Appellants respectfully petition the Court to stay the deadline for filing the appeal pending further action in the district court for two principal reasons.

First, the district court has not complied with Fed. R. Crim.P. 32.2(b)(4)(B), which requires the district court to include the order of forfeiture in the judgment and commitment order. That flaw at the moment precludes raising any of the meritorious appellate issues on direct appeal because the judgment and commitment order does not reference any of the forfeiture proceedings. Appellate counsel only noticed this error when finalizing the appellate arguments relative to the entry of the forfeiture order below, in his review of the J&C entered by the district court.

Second, there is an important issue which must be resolved by the district court before this appeal is briefed. The district court violated Rule 32.2(b) by failing to enter the preliminary order

of forfeiture until one month after sentence was imposed. There is substantial case law from other circuits which finds that such a delay renders any forfeiture null and void. The impact of that delay on the forfeitures currently is before the district court, as the appellant-defendant has filed a motion to vacate the forfeiture order and for return of property arising from the tardy entry of the forfeiture order. That issue should also be resolved, along with the omission from the judgment and commitment order, before the Appellants must brief this appeal.

If this stay is not granted, piecemeal appeals will follow from the bifurcation of the forfeiture and non-forfeiture issues, with the non-forfeiture issues heard now and all forfeiture issues heard later once the district court addresses the problems noted above with compliance with Fed. R. Crim. P. 32.2(b).

Wherefore, Appellants Martin, Goodwin, Ali and Bynum request that the instant appeal be stayed briefly pending the resolution of this issue below.

Counsel is authorized to state that the other Appellants do not object to the requested relief.

Counsel is authorized to state that counsel for Appellee does object to the requested relief.

Respectfully submitted,

April 15, 2010                              /s/
                                     MICHAEL D. MONTEMARANO

                                                Michael D. Montemarano, P.A.
                                                5695 Main Street, Suite 201
                                                Elkridge, Maryland 21075-5016
                                                (410) 379-0067/Fax 540-9950
                                                Counsel of Record/CJA Counsel
                                                       For Appellant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or before this 15th day of April, 2010, a copy of the foregoing *Motion for Temporary Stay of Appeal* was filed via CM-ECF, and served via direct email, on Deborah Johnston, Assistant United States Attorney, 400 US Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770, counsel for Appellee.

                                                           /s/
                                             MICHAEL D. MONTEMARANO