Filed: July 16, 2010

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

AMENDED BRIEFING ORDER
CRIMINAL/GRAND JURY

_____

No. 07-4059 (L), US v. Learley R. Goodwin
              8:04-cr-00235-RWT

Briefs and Appendix shall be served and filed within the time provided in the following schedule:

Appendix due: 08/20/2010

Appellant's Opening Brief due: 08/20/2010

Appellee's Response Brief due: 09/13/2010

Reply Brief permitted within 10 days of service of Response Brief

The Briefs and Appendix must conform to the Rule Requirements for Preparation of Briefs and Appendices and the Fourth Circuit Checklist for Briefs and Appendices, which set forth the applicable Federal and Local Rules. These documents are available as links from this order and at the Court's web site, www.ca4.uscourts.gov.

All parties to a side must join in a single brief, even in consolidated cases, unless the Court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d). Each side must notify the court of the attorney who has been designated as lead counsel within 14 days of the date of this order.

Failure to file an Opening Brief within the scheduled time may lead to imposition of sanctions against court-appointed counsel or dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a Response Brief will result in loss of the right to be heard at oral argument and may lead to imposition of sanctions if counsel has failed to comply with the court's directives. The Court discourages motions for extension

of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing briefs in the schedule will be extended by the number of days the brief was late.

Failure to file an adequate Appendix containing all portions of the record necessary for review of the issues will result in the return of the Appendix for correction; deficiencies generally will not be remedied by reference to the record. The party at fault will be required to bear the cost of filing a Corrected Appendix regardless of the outcome of the case.

Pursuant to Local Rule 34(a), the Court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately 45 days in advance of the session. Counsel will be afforded 10 days to file any motions that would affect the argument of the case. All parties to a side must share the time allotted for oral argument pursuant to Local Rules 28(d) and 34(d).

Anders Procedures:If defendant's counsel finds no appealable issue and therefore intends to file a brief under Anders v. California, 386 U.S. 738 (1967), the following procedures apply: (1) because counsel and the Court must review the entire record in an Anders appeal, counsel must order all transcript (with the hearings); (2) if the Anders brief is being filed in a consolidated case in which co-defendants are not proceeding under Anders, counsel must prepare a separate Opening Brief and move to deconsolidate the Anders appeal; (3) an Anders brief that simply states there are no appealable issues is insufficient--rather, counsel's Opening Brief must identify any arguable issues with appropriate record citations and state, in a brief discussion with case citation, why such issues lack merit; (4) the certificate of service for counsel's Anders brief must state that the brief was served on the defendant and that the defendant was informed of the right to file an Anders Pro Se Brief raising additional issues; (5) if the defendant is non-English speaking, counsel must arrange for a translator to assist in translation of documents and translation of any pro se brief; (6) since the Court must review the entire record, an Appendix is permitted but not required in Anders cases.

/s/ PATRICIA S. CONNOR, CLERK
By: Sharon A. Wiley, Deputy Clerk