Filed: October 14, 2010

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER- FRAP 30(c) CRIMINAL
_____

No. 07-4059 (L), <u>US v. Learley R. Goodwin</u>
8:04-cr-00235-RWT

Briefs and Appendix shall be served and filed within the time provided in the following schedule:

| | |
|---|---|
| **Filing of Rule 30(c) Page-Proof Opening Brief and service of Appendix Designations:** | 11/01/2010 |
| **Filing of Rule 30(c) Page-Proof Response Brief and service of additional Appendix Designations:** | 12/06/2010 |
| **Filing of Appendix:** | 12/21/2010 |
| **Filing of Opening Brief, Opening/Response Brief, Response/Reply Brief & any Reply Brief in final form:** | 01/03/2011 |

Rule 30(c) page-proof briefs are filed in electronic format only; no paper copies are required. The final Briefs and Appendix must conform to the **Rule Requirements for Preparation of Briefs and Appendices** and the **Fourth Circuit Checklist for Briefs and Appendices**, which set forth the applicable **Federal and Local Rules**. These documents are available as links from this order and at the Court's web site, **www.ca4.uscourts.gov**. In preparing the final versions of Opening and Response Briefs, the only changes the parties may make from the Page-Proof versions of these briefs are the replacement of record citations with Appendix citations, the correction of typographical errors, and the addition of appropriate covers and binding.

All parties to a side must join in a single brief, even in consolidated cases, unless the Court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d). Each side must notify the Court of the attorney who has been designated as lead counsel within 14 days of the date of this order. A governmental and a non-governmental party are not, however, required to join in one brief.

Failure to file an Opening Brief within the scheduled time may
lead to imposition of sanctions against court-appointed counsel
or dismissal of the case pursuant to Local Rule 45 for failure
to prosecute; failure to file a Response Brief will result in
loss of the right to be heard at oral argument and may lead to
imposition of sanctions if counsel has failed to comply with the
Court's directives. The Court discourages motions for extension
of time and grants extensions of the briefing schedule only in
extraordinary circumstances upon a showing of good cause. Local
Rule 31(c). If a brief is filed after its due date, the time for
filing briefs in the schedule will be extended by the number of
days the brief was late.

Failure to file an adequate Appendix containing all portions of
the record necessary for review of the issues will result in the
return of the Appendix for correction; deficiencies generally
will not be remedied by reference to the record. The party at
fault will be required to bear the cost of filing a Corrected
Appendix regardless of the outcome of the case.

Pursuant to Local Rule 34(a), the Court may, on its own
initiative and without prior notice, screen an appeal for
decision on the parties' briefs without oral argument. If a case
is selected for the oral argument calendar, counsel will receive
notice that the case has been tentatively calendared for a
specific court session approximately 45 days in advance of the
session. Counsel will be afforded 10 days to file any motions
that would affect the argument of the case. All parties to a
side must share the time allotted for oral argument pursuant to
Local Rules 28(d) and 34(d).

**Anders Procedures:** If defendant's counsel finds no appealable
issue and therefore intends to file a brief under Anders v.
California, 386 U.S. 738 (1967), the following procedures apply:
(1) because counsel and the Court must review the entire record
in an Anders appeal, counsel must order all transcript (with the
hearings); (2) if the Anders brief is being filed in a
consolidated case in which co-defendants are not proceeding
undern Anders, counsel must prepare a separate Opening Brief and
move to deconsolidate the Anders appeal; (3) an Anders brief
that simply states there are no appealable issues is
insufficient--rather, counsel's Opening Brief must identify any
arguable issues with appropriate record citations and state, in
a brief discussion with case citation, why such issues lack
merit; (4) the certificate of service for counsel's Anders brief
must state that the brief was served on the defendant and that
the defendant was informed of the right to file an Anders Pro Se
Brief raising additional issues; (5) if the defendant is non-

English speaking, counsel must arrange for a translator to assist in translation of documents and translation of any pro se brief; (6) since the Court must review the entire record, an Appendix is permitted but not required in <u>Anders</u> cases.

/s/ PATRICIA S. CONNOR, CLERK
By: Sharon A. Wiley, Deputy Clerk