# ANTHONY D. MARTIN, PC

Attorney and Counselor at Law

7501 Greenway Center Drive              (301) 220-3700
Greenbelt, MD 20770                     (301) 220-0791 (fax)

November 16, 2011

Leary Reed Goodwin
USP Allenwood, ID No. 17219-037
Post Office Box 3000
White Deer, PA 17887

                          Re: *Goodwin v. United States*
                              Case Nos.USCA 07-4059;
                              USDC 04-cr-00235-RWT-1

Dear Mr. Goodwin:

        Reference my letter dated November 7th, 2011; which contained the Certiorari Status Form amongst other things. Enclosed you will find a corrected copy of the Certiorari Status Form.

        On an unrelated point; during our most recent telephone conversation you asked about the Fair Sentencing Act and whether that could apply retroactively to your case. Unfortunately, Congress did not make the FSA retroactive. Nevertheless, many judges have been applying it retroactively. In fact, the Attorney General issued a directive on July 15th, 2011 directing the United States Attorneys to apply it retroactively. At present there is a bill called the Fair Sentencing Correction Act. This bill would clear up any confusion as to retroactive application and which cases it would apply to. I do not know where the bill is in the legislative process.

        With respect to your question regarding the forfeiture issue. The court has not issued a decision on that portion of the appeal. To be quite frank, I think the government dropped the ball in that case. As soon as we get a decision I will forward the same to you.

                                                Sincerely,

                                                Anthony D. Martin

ADM

Enc.
1. Certiorari Status Form
2. 15Jul1 Holder Ltr



**Office of the Attorney General**
**Washington, D. C. 20530**

July 15, 2011

**MEMORANDUM FOR ALL FEDERAL PROSECUTORS**

FROM:   Eric H. Holder, Jr.
        Attorney General

SUBJECT: Application of the Statutory Mandatory Minimum Sentencing Laws for Crack Cocaine Offenses Amended by the Fair Sentencing Act of 2010

It has been the consistent position of this Administration that federal sentencing and corrections policies must be tough, predictable and fair. Sentencing and corrections policies should be crafted to enhance public safety by incapacitating dangerous offenders and reducing recidivism. They should eliminate unwarranted sentencing disparities, minimize the negative and often devastating effects of illegal drugs, and inspire trust and confidence in the fairness of our criminal justice system.

Last August marked an historic step forward in achieving each of these goals, when the President signed the Fair Sentencing Act of 2010 into law. This new law not only reduced the unjustified 100-to-1 quantity ratio between crack and powder cocaine sentencing law, it also strengthened the hand of law enforcement by including tough new criminal penalties to mitigate the risks posed by our nation's most serious, and most destructive, drug traffickers and violent offenders. Because of the Fair Sentencing Act, our nation is now closer to fulfilling its fundamental, and founding, promise of equal treatment under law.

Immediately following the enactment of the Fair Sentencing Act, the Department advised federal prosecutors that the new penalties would apply prospectively only to *offense conduct* occurring on or after the enactment date, August 3, 2010. Many courts have now considered the temporal scope of the Act and have reached varying conclusions. The eleven courts of appeal that have considered the issue agree that the new penalties do not apply to defendants who were sentenced prior to August 3. As for defendants sentenced on or after August 3, however, there is no judicial consensus. Some courts read the Act's revised penalty provisions to apply only to offense conduct occurring on or after August 3. Other courts, though, reading the Act in light of Congress's purpose and the Act's overall structure, conclude that Congress intended the revised statutory penalties to apply to all sentencings conducted after the enactment date. Those courts ask a fundamental question: given that Congress explicitly sought to restore fairness to cocaine sentencing, and repudiated the much criticized 100:1 ratio, "what possible reason could there be to want judges to *continue* to impose new sentences that are not 'fair' over the next five years while the statute of limitations runs?" *United States v. Douglas*, 746 F. Supp. 2d 220, 229 (D. Me. 2010), *affirmed, United States v. Douglas*, No.10-2341, 2011 WL 2120163 (1st Cir. May 31, 2011).

In light of the differing court decisions—and the serious impact on the criminal justice system of continuing to impose unfair penalties—I have reviewed our position regarding the applicability of the Fair Sentencing Act to cases sentenced on or after the date of enactment. While I continue to believe that the Savings Statute, 1 U.S.C. § 109, precludes application of the new mandatory minimums to those sentenced before the enactment of the Fair Sentencing Act, I agree with those courts that have held that Congress intended the Act not only to "restore fairness in federal cocaine sentencing policy" but to do so as expeditiously as possible and to all defendants sentenced on or after the enactment date. As a result, I have concluded that the law requires the application of the Act's new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense conduct took place. The law draws the line at August 3, however. The new provisions do not apply to sentences imposed prior to that date, whether or not they are final. Prosecutors are directed to act consistently with these legal principles.

Although Congress did not intend that its new *statutory* penalties would apply retroactively to defendants sentenced prior to August 3, Congress left it to the discretion of the Sentencing Commission, under its longstanding authority, to determine whether new cocaine *guidelines* would apply retroactively. Last month, I testified before the Commission that the guidelines implementing the Fair Sentencing Act should be applied retroactively, because I believe the Act's central goals of promoting public safety and public trust—and ensuring a fair and effective criminal justice system—justified the retroactive application of the guideline amendment. On June 30, 2011, the Sentencing Commission voted unanimously to give retroactive effect to parts of its permanent amendment to the federal sentencing guidelines implementing the Fair Sentencing Act. That decision, however, has no impact on the statutory mandatory sentencing scheme—defendants who have their sentences adjusted as a result of guidelines retroactivity will remain subject to the mandatory minimums that were in place at the time of their initial sentencing.

I recognize that this change of position will cause some disruption and added burden as courts revisit some sentences imposed on or after August 3, 2010, and as prosecutors revise their practices to reflect this reading of the law. But I am confident that we can resolve those issues through your characteristic resourcefulness and dedication. Most importantly, as with all decisions we make as federal prosecutors, I am taking this position because I believe it is required by the law and our mandate to do justice in every case. The goal of the Fair Sentencing Act was to rectify a discredited policy. I believe that Congress intended that its policy of restoring fairness in cocaine sentencing be implemented immediately in sentencings that take place after the bill was signed into law. That is what I direct you to undertake today.

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

### CERTIORARI STATUS FORM – DUE FROM COUNSEL WITHIN FIRST 30 DAYS OF CERTIORARI PERIOD IN CASES IN WHICH COURT'S JUDGMENT WAS ADVERSE TO DEFENDANT

CASE NO. 07-4059        CASE CAPTION  United States v. Learly Reed Goodwin

**Certiorari Obligations**

The Fourth Circuit's CJA Plan provides as follows at § 5, ¶ 2:

*Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:*

*If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.*

*If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.*

**Filing Time for Petition for Certiorari**

The petition for certiorari must be filed in the Supreme Court within 90 days of this Court's decision. If a petition for panel or en banc rehearing is filed within 14 days of this Court's decision, the certiorari petition must be filed within 90 days of the denial of panel or en banc rehearing or within 90 days of a decision rendered after grant of panel or en banc rehearing. The certiorari period runs from this Court's decision or denial of panel or en banc rehearing, not from issuance of the Court's mandate.

**Return of Form by Counsel**

To protect defendant's certiorari rights in any case in which the Court's judgment was adverse to the defendant, counsel shall return this or like form within the first 30 days of the certiorari period, and serve a copy on defendant, stating as follows:

[✓] I have advised defendant, in writing, of the right to petition for certiorari. I have further advised defendant either that I will proceed with preparing a certiorari petition if requested or that I will move to withdraw from further representation if such a filing is requested because a certiorari petition would be frivolous. Defendant will be afforded 7 days to respond to any motion to withdraw and may file a pro se certiorari petition any time within the certiorari period;

OR (see next page)